Affirmed and Memorandum Opinion filed July 24, 2008








Affirmed and Memorandum Opinion filed July 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00617-CR

____________

 

CARLOS MARTINEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 174th
District Court

Harris County, Texas

Trial Court Cause No. 1081802

 



 

M E M O R A N D U M   O P I N I O N

Appellant Carlos Martinez appeals from his conviction for
aggravated robbery.  In two issues, appellant claims the trial court erred by
(1) refusing his request for additional peremptory strikes and (2) overruling
his objection during the punishment phase to extraneous offense evidence.  We
affirm.








Around 10:00 p.m. on August 24, 2006, the complainant, Luis
Cruz, was robbed at gunpoint of his wallet, cell phone, keys, and vehicle. 
Shortly after the robbery, appellant and two other males were apprehended in
Cruz=s vehicle.  Cruz=s wallet was found
in appellant=s possession; one of the other males had Cruz=s cell phone. 
Appellant was seated in Cruz=s vehicle near the shotgun that was used
in the robbery.  Cruz identified appellant as the person who robbed him at
gunpoint.  Following a jury trial, appellant was convicted of aggravated
robbery and sentenced to forty years in prison and a $10,000 fine. 

I.  Jury Selection

In his first issue, appellant claims the trial court erred
by denying his request for extra peremptory strikes during jury selection and
by overruling his objection to two members of the jury.  As a result, appellant
claims he was deprived of his right to be heard by counsel under the Texas
Constitution.  See Tex. Const.
art. I, _ 10.  

The right to be heard by counsel under the Texas
Constitution includes the right to pose proper questions during voir dire
examination and to intelligently exercise peremptory challenges and challenges
for cause.  Jones v. State, 223 S.W.3d 379, 382B83 (Tex. Crim.
App. 2007).  However, the trial judge is given wide discretion to control voir
dire and may impose reasonable restrictions on the exercise of voir dire
examination.  Clark v. State, 608 S.W.2d 667, 669 (Tex. Crim. App.
1980).  The decision to grant additional peremptory challenges upon exhaustion
of the statutory number of strikes also falls within the trial court=s discretion.  Cooks
v. State, 844 S.W.2d 697, 717 (Tex. Crim. App. 1992).  No abuse of discretion
will be found for overruling a defendant=s request for
additional strikes in the absence of Awrongdoing@ on the part of
the trial court.  Id.  AWrongdoing@ may be proved by
showing that the trial court improperly overruled a defendant=s challenge for
cause and the defendant accordingly used a strike on a juror who was subject to
a challenge for cause.  Id. 








At the conclusion of voir dire, the trial court called for
both sides to submit their for-cause challenges.  Appellant challenged, among
others, venireperson number nine.  The State challenged, among others,
venirepersons eight, nine, and twenty-four.  The trial court granted all of
appellant=s challenges, including the challenge to venireperson
nine.  The court also granted the State=s challenge to
venireperson twenty-four.  After the court advised the lawyers which for-cause
challenges were granted, appellant requested two additional peremptory
challenges Abecause the Court is denying our challenge on 8 and 9,
the State=s challenge on 24 [sic].@[1]  The trial court
denied appellant=s request.  After the jury members were
selected and seated and the rest of the venire panel dismissed, appellant
objected to the jury as seated and informed the court that Aif we had been
granted the additional two peremptory challenges we had requested, we would
have used them on 22 and 25.@  The trial court responded, AThat will be
overruled.  Both of those jurors indicated that they would follow the law from
the Court on more than one occasion.  And looking at my notes . . . . I found
nothing that would indicate a disqualification.@   








Appellant does not argue that his lawyer=s ability to
question the venire panel or exercise challenges was restricted.  See Jones,
223 S.W.3d at 382B83 (stating that right to counsel under
state Constitution includes right to question members of venire panel in order
to intelligently exercise peremptory challenges).  Instead, appellant
claims argues that Athe trial court=s ruling on
[venireperson eight], on the extra peremptory strikes, and the objection to the
jury@ impeded his
lawyer=s ability to try his
case and deprived him of his right to counsel.  Appellant also claims that the
trial court impaired his lawyer=s Aability to get a
qualified juror who might be [sic] a better juror for [a]ppellant.@  However,
appellant does not direct us to any authority stating that a criminal defendant
is entitled to jurors whom the defendant deems more desirable than other
qualified jurors.  Nor does appellant cite authority for his position that the
trial court=s rulings impaired his lawyer=s ability to try
his case.[2] 
Appellant has failed to adequately brief this issue, and consequently, he has
waived error.  See Tex. R. App. P.
38.1(h) (brief must contain appropriate citations to authority); Hefner v.
State, 735 S.W.2d 608, 627 (Tex. App.CDallas 1987, pet.
ref=d) (holding
appellant who merely cited single, noncontrolling case as supporting authority
failed to adequately brief issue and therefore waived error with respect to
that issue).








In any event, the record indicates that appellant requested
extra peremptory strikes on grounds that the court was denying his challenges
to venirepersons eight and nine and the State=s challenge to
venireperson twenty-four, even though the court had already granted appellant=s challenge to
nine and the State=s challenge to twenty-four, and appellant
never challenged number eight.  Our research has not uncovered any authority
supporting appellant=s assertion that a defendant is entitled
to extra peremptory strikes when the trial court denies a for-cause challenge
raised by the State.  Appellant made a second request for additional peremptory
strikes on grounds that he objected to the jury as seated and would have used
the extra peremptory challenges to strike venirepersons twenty-two and
twenty-five.  A trial court=s decision to deny a defendant=s challenge for
cause should not be overturned unless, in light of the entire voir dire
examination of the prospective juror, bias or prejudice has been established as
a matter of law.  Burks v. State, 876 S.W.2d 877, 893 (Tex. Crim. App.
1994).  The trial court stated that venirepersons twenty-two and twenty-five
indicated they could follow the law and that the court saw no other grounds on
which to find these potential jurors objectionable.  Our review of the record
likewise has not revealed any reasons why these venirepersons would have been
subject to a challenge for cause.  Accordingly, we conclude the trial court
acted within its discretion in denying appellant=s requests for
extra peremptory strikes and overruling appellant=s objection to the
jury as seated.  See Burks, 876 S.W.2d at 893; Clark, 608 S.W.2d
at 669.  The trial court=s rulings did not impede appellant=s lawyer=s ability to try
his case and deprive appellant of his right to counsel.  We overrule appellant=s first issue.

II.  Admission of Extraneous Offense
Evidence

In his second issue, appellant claims the trial court erred
in admitting evidence of an extraneous aggravated robbery during the punishment
phase because the State failed to provide pretrial notice of its intent to
introduce the aggravated robbery.  We review the admission of evidence of
extraneous offenses for an abuse of discretion.  See Mitchell v. State,
931 S.W.2d 950, 953 (Tex. Crim. App. 1996).

The State notified appellant of its intent to introduce
evidence of extraneous convictions, crimes, wrongs, or acts pursuant to Texas
Rules of Criminal Evidence 404(b) and 609 and article 37.07 of the Texas Code
of Criminal Procedure.  The notice informed appellant that the State intended
to introduce evidence that appellant threatened Robert Lopez with a firearm. 
However, during the punishment phase, Lopez testified that after being
threatened, appellant also demanded his wallet.  Appellant objected on grounds
that he was not provided with notice as required by article 37.07, and the
trial court overruled appellant=s objection.  After clarifying that Lopez
gave appellant his wallet, which contained three dollars, the State continued
to question Lopez about the shooting of his friend, which had occurred just
prior to appellant demanding Lopez=s wallet.








To preserve error in admitting evidence, a party must make
a proper objection and get a ruling on that objection.  Tex. R. App. P. 33.1.  In addition, a party must object each
time the inadmissible evidence is offered or obtain a running objection.  Valle
v. State, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003).  The State argues
that appellant waived error because he failed to object each time the State
questioned Lopez about his wallet being taken  and did not request a running
objection.  We disagree.  Although the prosecutor clarified Lopez=s answer, he did
not continue to question Lopez about his wallet being taken.  Thus there was no
need for appellant to object again or to request a running objection. 
Appellant=s timely and specific objection was sufficient to
preserve error with respect to this issue.

The State further argues that because appellant failed to
request notice as required by article 37.07, the State=s duty to provide
such notice was not triggered.  See Tex.
Code Crim. Proc. Ann. art. 37.07, _ 3(g) (Vernon
Supp. 2007).  Section 3(g) of article 37.07 allows admission of extraneous
offense evidence during the punishment phase if the State gives timely notice
of its intent to use that evidence.[3] 
Id.  The State=s obligation to comply with the notice
requirement in article 37.07 is triggered by the defendant either serving the
State with a request for notice or filing a discovery motion requesting the
court to order such notice and securing a ruling on it.  Henderson v. State,
29 S.W.3d 616, 625 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d).  The trial
court signed a general discovery order requiring the State to disclose Aall extraneous
offenses, with date, time[,] and place, which may be admissible against the
defendant.@  Thus the discovery order triggered the State=s duty to provide
notice to appellant that it intended to offer evidence of the aggravated
robbery of Lopez.  See Hartson v. State, 59 S.W.3d 780, 787 (Tex. App.CTexarkana 2001, no
pet.) (holding appellant was not required to Ado an unnecessary
thing@ and request
notice because State had to comply with court=s pretrial
discovery order requiring such notice).  We conclude appellant properly
preserved error with respect to this issue.








Notice is sufficient under article 37.07 if it includes the
date on which and the county in which the alleged crime or bad act occurred and
the name of the alleged victim of the crime or bad act.  Tex. Code Crim. Proc. Ann. art 37.07, _ 3(g).  The State=s notice stated
that on August 21, 2006, in Harris County, appellant threatened Lopez with
imminent bodily injury by using a firearm.  The notice also stated that on
August 21, 2006, appellant caused bodily injury to Lopez=s friend using a
firearm.  The notice failed to state that appellant also robbed Lopez. 
However, the information contained in the notice was specific enough to notify
appellant that the State intended to offer evidence regarding the incident
where appellant confronted Lopez and Lopez=s friend with a
firearm, and this incident included the robbery of Lopez.  We therefore find
that the State substantially complied with the notice requirements of article
37.07, section 3(g).  See McQueen v. State, 984 S.W.2d 712, 715B16 (Tex. App.CTexarkana 1998, no
pet.) (concluding notice that failed to give county of unadjudicated offense
substantially complied with article 37.07, section 3(g) because appellant could
reasonably infer missing information); Hohn v. State, 951 S.W.2d 535,
537 (Tex. App.CBeaumont 1997, no pet.) (holding State substantially
complied with article 37.07, section 3(g) when it gave range of three months in
which extraneous offenses took place, rather than specific date); cf.
Wheeler v. State, No. 05‑02‑01085‑CR, 20032003 WL
21212829, at *3 (Tex. App.CDallas May 27, 2003, pet. ref=d) (not designated
for publication) (finding notice that failed to specify county or state in
which alleged offense occurred and failed to name victim inadequate under
article 37.07, section 3(g)); James v. State, 47 S.W.3d 710, 714 (Tex.
App.CTexarkana 2001, no
pet.) (holding State=s notice was defective for failure to
state any date, where evidence showed pattern of child abuse stretching over
decades).  








Even assuming the notice failed to substantially comply
with the statutory requirements and the trial court erred in admitting the
evidence, such error was harmless.  Error in admitting evidence with
insufficient notice under article 37.07, section 3(g), is non‑constitutional
error.  See Roethel v. State, 80 S.W.3d 276, 281 (Tex. App.CAustin 2002, no
pet.) (applying harmless error analysis in Rule of Appellate Procedure 44.2(b)
to admission of extraneous offense evidence in violation of article 37.07,
section 3(g)).  We must disregard any such error that does not affect a
substantial right.  Tex. R. App. P.
44.2(b).  A defendant=s substantial rights are affected when the
error had a substantial and injurious effect or influence on the jury=s verdict.  King
v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  If the error had no
or only a slight influence on the verdict, the error is harmless. See
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

The purpose of the notice requirement in article 37.07 is
to prevent unfair surprise and to enable the defendant to prepare to answer the
extraneous offense evidence.  Apolinar v. State, 106 S.W.3d 407, 414
(Tex. App.CHouston [1st Dist.] 2003), aff=d, 155 S.W.3d 184 
(Tex. Crim. App. 2005); Roethel, 80 S.W.3d at 282.  To determine harm in
light of that purpose, we analyze whether and how the notice deficiency
affected appellant=s ability to prepare for the evidence.  Roethel,
80 S.W.3d at 281B82.  The appellate court examines the
record to determine whether the deficient notice Aresulted from
prosecutorial bad faith@ or Aprevented the
defendant from preparing for trial,@ the latter
inquiry including whether the defendant was surprised by the substance of the
evidence and whether the lack of notice affected his ability to prepare cross
examination or mitigating evidence.  Id. at 282. 








The record contains no indication that the lack of notice
surprised appellant or affected his ability to prepare a defense.  Appellant
did not move for a continuance, complain about surprise, or inform the court
that he was unprepared to address the evidence.  On appeal, appellant does not
claim that the lack of notice prevented him from preparing an adequate defense
by affecting his ability to cross-examine Lopez or prepare mitigating
evidence.  Appellant argues that because the State=s closing argument
during the punishment phase urged the jury to increase appellant=s punishment
fifteen years for each additional robbery, admission of evidence pertaining to
the robbery of Lopez harmed him because A[m]ore robberies
translated into more years in prison.@  The jury heard
evidence that appellant belonged to a criminal street gang and that over the
course of three days, appellant robbed seven citizens at gunpoint and caused
bodily injury to three of them.  Appellant was subject to a punishment range of
five years probation to life in prison.  The State asked the jury to sentence
appellant to a term of sixty years= confinement, or
approximately fifteen years per aggravated robbery.  The jury sentenced
appellant to forty years= confinement and a $10,000 fine, twenty
years less than what the State had requested and well below the maximum
allowable.  We do not see how the extraneous offense evidence about which
appellant complains influenced the punishment assigned, especially in light of
the ample other evidence indicating appellant had engaged in a three day crime
spree.

Nothing in the record indicates that the State=s failure to
provide notice of its intent to offer evidence that appellant robbed Lopez
damaged appellant=s defense during the punishment phase of
trial or affected his sentence.  See Apolinar, 106 S.W.3d at 415. 
Finding no harm from admission of this evidence, the deficient notice did not
affect appellant=s substantial rights.  See Roethel,
80 S.W.3d at 283 (holding that lack of notice did not affect appellant=s substantial
rights because record contained no evidence that appellant=s ability to present
a defense was impaired); Brooks v. State, 76 S.W.3d 426, 436 (Tex. App.CHouston [14th
Dist.] 2002, no pet.) (concluding that failure to give notice did not have
substantial and injurious effect on sentence where appellant received forty
years, State requested sixty years, and maximum was life in prison).  We
conclude the trial court did not err in admitting evidence of the extraneous
aggravated robbery .  We overrule appellant=s second issue.

We affirm the trial court=s judgment.

 

 

/s/      Leslie B. Yates

Justice

 

Judgment rendered
and Memorandum Opinion filed July 24, 2008.

Panel consists of
Justices Yates, Guzman, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  Although counsel claimed the court had denied the
defense=s challenge to venireperson number eight, the
challenge to venireperson number eight was actually raised by the State.  





[2]  The only authority appellant cites, Gray v. State,
233 S.W.3d 295, 301 (Tex. Crim. App. 2007), addresses the proper harm standard
to be applied when a trial court improperly excuses a venireperson.  As noted
by appellant, Gray held that the only substantial right a defendant has
is that the jurors who serve be qualified.  Id.  Appellant has not
argued that the trial court=s alleged error
deprived him of a jury composed of qualified individuals.  This case is not on
point and is therefore noncontrolling.  





[3]  Article 37.07, section 3(g), of the Texas
Code of Criminal Procedure states:

On timely request of the defendant, notice of intent to introduce
evidence under this article shall be given in the same manner required by Rule
404(b), Texas Rules of Evidence . . . . The requirement under this subsection
that the attorney representing the state give notice applies only if the
defendant makes a timely request to the attorney representing the state for the
notice.  

Tex.
Code Crim. Proc. Ann.
art 37.07, _ 3(g).